http://www.va.gov/vetapp16/Files2/1617328.txt

Citation Nr: 1617328 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 12-02 471 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina

THE ISSUE

Entitlement to service connection for chronic obstructive pulmonary disease (COPD), to include as due to exposure to herbicide.

REPRESENTATION

Appellant represented by: The American Legion

ATTORNEY FOR THE BOARD

N. Rippel, Counsel

INTRODUCTION

The Veteran had active service in the Army as a Military Policeman from October 1957 to September 1966, to include service in Vietnam from December 1965 to September 1966.

This matter comes before the Board of Veterans' Appeals (Board) from a May 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina.

In July 2015, the Board issued a decision remanding this matter to the Agency of Original Jurisdiction (AOJ) for additional development. As sufficient efforts were made to obtain the noted medical records and the requested medical opinion was obtained, the Board finds the directives have been substantially complied with, and the matter again is before the Board. Stegall v. West, 11 Vet. App. 268, 271 (1998).

The Board has reviewed the electronic records maintained in both Virtual VA and the Veterans Benefits Management System (VBMS) to ensure consideration of the totality of the evidence.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDING OF FACT

COPD is not shown to be causally or etiologically related to an in-service event, injury or disease, to include herbicide exposure, or to have manifested in service.

CONCLUSION OF LAW

The criteria for service connection for COPD have not been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015).
REASONS AND BASES FOR FINDING AND CONCLUSION

I. Veterans Claims Assistance Act of 2000 (VCAA)

VA has met all statutory and regulatory notice and duty to assist provisions with respect to the Veteran's claims. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015).

A. Duty to Notify

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the Veteran and his representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim, the evidence VA will obtain on the Veteran's behalf, and the evidence the Veteran is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). VCAA notice requirements apply to all five elements of a service connection claim: (1) veteran status; (2) existence of a disability; (3) a connection between the Veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 486 (2006). The notice must be provided to the Veteran prior to the initial adjudication of his claim. Pelegrini v. Principi, 18 Vet. App. 112 (2004). 

VA issued VCAA letters in April 2010 and October 2010, prior to the initial unfavorable adjudication in May 2011. The letters advised the Veteran of what evidence was necessary to substantiate his claim, the evidence VA would obtain, the evidence the Veteran must provide, and how disability ratings and effective dates are determined. As the letters contained all of the necessary information listed above, the Board finds VA has met its duty to notify.

B. Duty to Assist

The duty to assist includes assisting the claimant in the procurement of relevant records. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). The RO associated the Veteran's service and VA treatment records with the claims file, including VA treatment records from the Asheville and Columbia VA Medical Centers from 2000 forward. All identified private treatment records, to include those from Eastside Family Physicians dated from 1987 through March 1999, and Spartanburg Regional Health System dated from December 1998 to March 2006, have been associated with the claims file. No other relevant records have been identified and are outstanding. As such, the Board finds VA has satisfied its duty to assist with the procurement of relevant records. 

The duty to assist also includes providing a medical examination or obtaining a medical opinion when necessary to make a decision on a claim, as defined by law. See 38 C.F.R. § 3.159(c)(4). In this case, VA obtained a medical examination with opinion in August 2010 as well as an additional medical opinion in October 2015. In concert, the 2010 examination and 2015 opinion are adequate because the examiners considered and addressed the Veteran's contentions, reviewed the claims file, and provided sufficient supporting rationale for the opinions. As was directed by the Board in the 2015 remand decision, the October 2015 report specifically addressed the Veteran's assertion that his COPD was etiologically related to his conceded herbicide exposure in Vietnam. Based on the foregoing, the Board finds the examination reports to be a thorough, complete, and a sufficient basis upon which to reach a decision on the Veteran's claim for service connection for COPD. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-05 (2008); Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Since VA has obtained all relevant identified records and obtained an adequate medical opinion, its duty to assist in this case is satisfied.

II. Service Connection

Generally, to establish service connection a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service." Davidson v. Shinseki, 581 F.3d 1313, 1315-16 (Fed. Cir. 2009); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d).

If there is no manifestation within one year of service, service connection for a recognized chronic disease can still be established through continuity of symptomatology. 38 C.F.R. §§ 3.303(b), 3.309; Walker v. Shinseki, 708 F.3d 1331 (2013). Continuity of symptomatology requires that the chronic disease have manifested in service. 38 C.F.R. § 3.303(b). In-service manifestation means manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings. Id. 

Service connection may also be established for a current disability on the basis of a presumption that certain chronic diseases manifesting themselves to a certain degree within a certain time after service must have had their onset in service. 38 U.S.C.A. §§ 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309(a). Generally, the disease must have manifested to a degree of 10 percent or more within one year of service. 38 C.F.R. § 3.307(a)(3).

VA is required to give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. 38 U.S.C.A. § 1154(a). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 

Lay evidence cannot be determined to be not credible merely because it is unaccompanied by contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331, 1336-37 (Fed. Cir. 2006). However, the lack of contemporaneous medical evidence can be considered and weighed against a Veteran's lay statements. Id. A negative inference may be drawn from the absence of complaints or treatment for an extended period. See Maxson v. West, 12 Vet. App. 453, 459 (1999), aff'd sub nom. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000).

The Veteran contends he is entitled to service connection for COPD. In particular, he urges that his COPD was caused by his conceded exposure to Agent Orange in Vietnam. For the reasons stated below, service connection for COPD is not warranted. 

Initially, COPD is not a recognized chronic disease, nor is it encompassed by a broader listed chronic disability. 38 C.F.R. § 3.309(a). As COPD is not a recognized chronic disability, service connection based on either the presumption in favor of chronic diseases or continuity of symptomatology are not applicable in this particular case. Walker, 708 F.3d 1331; 38 C.F.R. §§ 3.303(b), 3.307, 3.309.

Moreover, COPD, is not among those diseases listed in 38 C.F.R. § 3.309(e) for which service connection may be presumed in the case of a veteran who was exposed to herbicides in service. 

Even so, the Board acknowledges that the Veteran is not precluded from otherwise proving actual entitlement to service connection on a direct basis due to herbicide exposure in service. See Combee v. Brown, 5 Vet. App. 248 (1993).

Turning to direct service connection, VA treatment records reflect that the Veteran has a current diagnosis of COPD, and therefore the first element of service connection has been met. As has been mentioned elsewhere in this decision, herbicide exposure is conceded because the Veteran's service personnel records indicate that he served in Vietnam during the Vietnam War. Further, while service treatment records fail to show a diagnosis of or treatment for chronic obstructive pulmonary disease during military service they do show that he was hospitalized for pneumonia with chest pain. His separation examination failed to show any indication of chronic respiratory disability and noted no abnormality. Also, the Veteran denied cough or other respiratory symptoms in an accompanying medical history. Considering the totality of this evidence, the Board finds that an in-service event, injury or disease has been established, and the second element of service connection has been met.

Turning to the third element, the preponderance of the evidence is against a finding that the Veteran's COPD is causally related to his active duty service. The Veteran has repeatedly stated that his COPD was caused by his active duty service, and specifically his conceded herbicide exposure. However, while the Veteran is competent to describe continuous symptoms since service, such as coughing, the Veteran is not competent to establish the presence of a causal nexus between his current disability and his active duty service, as to do so requires medical expertise. Jandreau, 492 F.3d at 1377. This is particularly true as no subsequent medical expert has asserted that there is such a nexus. As there is no competent lay evidence of nexus, the issue of a medical nexus must be determined based on the medical evidence of record.

Turning to the medical evidence, records from Eastside Family Physicians reflect COPD dating from November 1990. These records show complaints of chest pain from November 1990 with increasing shortness of breath. It was noted he was a heavy smoker with up to 2 1/2 packs per day for 38 years. X rays revealed an old calcified granuloma of the right lung. In August 1991 there was a diagnosis of COPD and he was placed on an inhaler. Repeat X-ray continued to show the granuloma in the periphery of the right lung as noted on the previous films. The reports show continued treatment through 1999 to include multiple inhalers. Reports from Spartanburg Regional show continued treatment from December 1998 to March 2006. 

VAMC reports from 2000 to the present show continued treatment for COPD treated with oxygen therapy since 2002. 

The Veteran was provided with a VA medical examination in August 2010. The examiner was asked to offer an opinion regarding whether or not the Veteran's treatment for pneumonia and treatment for bronchitis while on active duty has any correlation with his current COPD. The examiner found no relationship between the COPD and service. Her opinion was as follows:

The patient is oxygen dependent and very debilitated with his respiratory issues. I did review the C-file in detail and he did indeed have a hospitalization for right upper lobe pneumonia in August 1959. He also has mention of chronic obstructive pulmonary disease going back many years with his private physician. He did have a chest x ray from 08/20/1991 which showed an old calcified granuloma in the right lung but no active disease. He had pulmonary function tests in 1997 which suggested an obstructive disorder. Given the situation overall, he was a heavy smoker for many, many years and it is less likely as not that his chronic obstructive pulmonary disease was caused by the bout of pneumonia while on active duty. He also was seen for bronchitis while on active however he was very young and a chest x ray subsequently 10/22/1960 was negative for any worrisome findings. It is my opinion that his current chronic obstructive pulmonary disease is a result of his heavy tobacco use throughout the many years that he did smoke and the issues while on active duty were unrelated. 

A supplemental VA opinion was obtained in October 2015 to specifically address the contention that the COPD was directly related to herbicide exposure. The VA physician authoring the October 2015 report indicated that it was less likely than not that the Veteran's COPD is causally related to his herbicide exposure on active duty. In support of this opinion, the physician noted that COPD is a disease of a known etiology and diagnosis and on his review of the medical literature in conjunction with the Veterans medical history/VBMS/Virtual VA, and significant time delay between exposure and manifestation/diagnosis of COPD, the Veteran's COPD would be less likely than not secondary to herbicide exposure on active duty." 

Both the 2010 and 2015 opinions were based on review of the history including service treatment records; together they address all of the critical medical issues in this claim regarding nexus and they are entitled to significant probative weight. Nieves-Rodriguez, 22 Vet. App. at 302-05; Barr, 21 Vet. App. at 312.

As noted, VA treatment records dated through the present reflect continued treatment for severe COPD. VA treatment records also note a history of heavy smoking. The records contain no opinions linking the Veteran's current COPD to his active duty service generally or herbicide exposure specifically. Based on the competent and credible lay and medical evidence of record, the Board finds that the preponderance of the evidence is against a finding that the Veteran's COPD is causally related to his active duty service, to include herbicide exposure. As such, the third element has not been met, and direct service connection is not warranted.

Although the Veteran has established a current disability and an in-service injury, event or disease, the preponderance of the evidence is against a finding that the Veteran's COPD is causally related to his service. Since the preponderance of the evidence is against the claim, the benefit of the doubt rule is not applicable. See 38 U.S.C.A. § 5107(b); Ortiz, 274 F.3d at 1364; Gilbert, 1 Vet. App. at 55-57; 38 C.F.R. § 3.102. For these reasons, the claim is denied.

ORDER

Service connection for chronic obstructive pulmonary disease (COPD), to include as due to exposure to herbicide, is denied.

____________________________________________
BETHANY L. BUCK
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs